# RULE 1120.  DEFINITIONS

\* \* \*

**DILIGENT EFFORTS are the comprehensive and ongoing efforts made to identify and locate adult relatives and kin for a child until the permanency goal is achieved.**

\* \* \*

**FAMILY FINDING is the ongoing diligent efforts of the county agency, or its contracted providers, to search for and identify adult relatives and kin, and engage them in the county agency's social service planning and delivery of services, including gaining commitment from relatives and kin to support a child or guardian receiving county agency services.**

\* \* \*

**KIN is a relative of the child through blood or marriage, godparent of the child as recognized through an organized church, a member of the child's tribe or clan, or someone who has a significant positive relationship with the child or the child's family.**

\* \* \*

**KINSHIP CARE is the full-time nurturing and protection of a child who is separated from the child's guardian and placed in the home of a caregiver who has an existing relationship with the child and/or the child's family.**

\* \* \*

## COMMENT
\* \* \*

The definition of "family finding" is derived from 62 P.S. § 1302.

Diligence is to include utilizing reasonable resources available when engaging in family finding, never ceasing efforts until multiple relatives and kin are identified, and going beyond basic searching tools by exploring alternative tools and methodologies.   "Diligent efforts" is to include, but not limited to, interviews with immediate and extended family and kin, genograms, eco-mapping, case mining, cold calls, and specialized computer searches.

It is insufficient to complete only a basic computer search or attempt to contact known relatives at a last-known address or phone number.

For multiple resources efforts that may be utilized, see Commonwealth of Pennsylvania, Department of Public Welfare, Office of Children, Youth and Families Bulletin, No. 3130-12-03, issued May 11, 2012, effective July 1, 2013; Seneca Family Finding, which may be found at www.familyfinding.org, or Legal Services Initiative, diligent search packet, Statewide Adoption and Permanency Network, which may be found at www.diakon-swan.org.

Supporting a child under the definition of "family finding" means any type of aid, including but not limited to emotional, financial, physical, or psychological aid.

*See also* 62 P.S. § 1301 *et seq.* and 42 U.S.C. § 675 (Fostering Connections) to comply with state and federal regulations.

\* \* \*

**Official Note:**

\* \* \*

Amended July 13, 2015, effective October 1, 2015.

*Committee Explanatory Reports:*

\* \* \*

1

**Final Report explaining the amendments to Rule 1120 published with the Court's Order at -Pa.B. - (-).**

* * *

**PART B(1)**
**EDUCATION, [AND] HEALTH, AND WELFARE**
**OF CHILD**

1145. Application or Motion for Examination and Treatment of a Child
1147. Educational Decision Maker
**1149. Family Finding**

*This is an entirely new Rule.*

**RULE 1149. FAMILY FINDING**

A. **Court's inquiry and determination.**

1) The court shall inquire as to the efforts made by the county agency to comply with the family finding requirements pursuant to 62 P.S. § 1301 *et seq.*

2) The court shall place its determinations on the record as to whether the county agency has reasonably engaged in family finding.

B. **Discontinued family finding.** Family finding may be discontinued only if, after a hearing, the court has made a specific determination that:

1) continued family finding no longer serves the best interests of the child;

2) continued family finding is a threat to the child's safety; or

3) the child is in a preadoptive placement and the court proceedings to adopt the child have been commenced pursuant to 23 Pa.C.S. Part III (relating to adoption).

C. **Resuming family finding.** The county agency shall resume family finding when the court determines that resuming family finding:

1) is best suited to the safety, protection and physical, mental, and moral welfare of the child; and

2) does not pose a threat to the child's safety.

**COMMENT**
Pursuant to paragraph (A), efforts by the county agency may include, but are not limited to whether the county agency is or will be: a) searching for and locating adult relatives and kin; b) identifying and building positive connections between the child and the child's relatives and kin; c) when appropriate: i) supporting the engagement of relatives and kin in social service planning and delivery of services; and ii) creating a network of extended family support to assist in remedying the concerns that led to the child becoming involved with the county agency; d) when possible, maintaining family connections; and e) when in the best interests of the child and when possible, keeping siblings together in care.

The extent to which the county agency is involved in the case when a child is still in the home is dependent on several variables and specific to each case. In some instances, the county agency is more involved and actively engaged in family finding because the child needs support services or could be removed from the home. The search in these instances is used to find resources to help keep the child in the home by preventing removal, or to find resources if removal becomes necessary.

*See* 62 P.S. § 1301 for legislative intent regarding family finding and promotion of kinship care.

Family finding is required for every child when a child is accepted for services by the county agency. *See* 62 P.S. § 1302. It is best practice to find as many kin as possible for each child. These kin may help with care or support for the child. The county agency should ask the guardian, the child, and siblings about relatives or other adults in the child's life, including key supporters of the child or guardians.

Specific evidence should be provided indicating the steps taken to locate and engage relatives and kin. *See Comment* to Rule 1120 regarding diligent efforts considerations for locating relatives and kin. When considering the method by which relatives and kin are engaged in service planning and delivery, courts and the parties are encouraged to be creative. Strategies of engagement could include, but are not limited to, inviting relatives and kin to: 1) be involved in a family group decision making conference, family team conferencing, or other family meetings aimed at developing or supporting the family service plan; 2) assist with visitation; 3) assist with transportation; 4) provide respite or child care services; or 5) provide actual kinship care.

Pursuant to paragraph (A)(2), the court is to place its determinations on the record as to whether the county has reasonably engaged in family finding. The level of reasonableness is to be determined by the length of the case and time the county agency has had to begin or continue the process. For example, at the shelter care hearing, the county agency should at least ask the question whether there is family or kin available as a resource. The initial removal of the child is the most critical time in the case. Potential trauma should be considered and ameliorated by family finding efforts as much as possible. Phone calls at this time are reasonable. However, at the dispositional or permanency hearings, the county agency has had more time to engage in a more thorough diligent search as discussed *infra*. *See also* Rule 1120 and its *Comment*.

The court's inquiry and determination regarding family finding should be made at each stage of the case, including, but not limited to the entry of an order for protective custody, shelter care hearing, adjudicatory hearing, dispositional hearing, and permanency hearing. *See* Rules 1210, 1242, 1408, 1409, 1512, 1514, 1515, 1608, 1609, 1610, and 1611, and their *Comments*.

Paragraph (B)(3) is meant to include notice of intent to adopt, petition to adopt, or voluntary relinquishment of parental rights, or consent to adopt.

**Official Note:**
Rule 1149 adopted July 13, 2015, effective October 1, 2015.

*Committee Explanatory Reports:*
Final Report explaining the provisions to Rule 1149 published with the Court's Order at - Pa.B. - (- ).

**RULE 1210.  ORDER FOR PROTECTIVE CUSTODY**

\* \* \*

B.  **Finding of court.**

**1)**  A child may be taken into protective custody by court order when the court determines that removal of the child is necessary for the welfare and best interests of the child.

**2)  At the time the court issues a protective custody order, the court shall inquire as to whether family finding efforts pursuant to Rule 1149 have been initiated by the county agency**.

**3)**  The order may initially be oral, provided that it is reduced to writing within twenty-four hours or the next court business day.

\* \* \*

D.  **[Execution of order.   The court shall specify:**

1)  **the limitations of the order;**

2)  **the manner in which the order is to be executed; and**

3)  **who shall execute the order.**

E.]  **Contents of order.**  The court order shall include:

\* \* \*

6)  a finding whether reasonable efforts were made to prevent placement of the child; **[and]**

7)  a finding whether the reasons for keeping the child in shelter care and that remaining in the home is contrary to the welfare and best interests of the child**; and**

8)  **findings and orders related to the requirements of Rule 1149 regarding family finding**.

E.  **Execution of order.   The court shall specify:**

1)  **the limitations of the order;**

2)  **the manner in which the order is to be executed; and**

5

**3)  who shall execute the order.**

COMMENT

* * *

The court is to determine whether reasonable efforts**, including services and family finding efforts,** were made to prevent placement or in the case of an emergency placement where services were not offered and could not have prevented the necessity of placement, whether this level of effort was reasonable due to the emergency nature of the situation, safety considerations and circumstances of the family.  42 Pa.C.S. § 6332.

*See also In re Petition to Compel Cooperation with Child Abuse Investigation*, 875 A.2d 365 (Pa. Super. Ct. 2005).

**Pursuant to paragraph (D)(8), the county agency should be looking for family and kin as a resource to aid and assist the family to prevent removal of the child from the home.  When removal of the child is necessary, placement with family and kin will help reduce the potential trauma of the removal from the home.  *See* Rule 1149 regarding family finding requirements.**

**Official Note:**

* * *

**Amended July 13, 2015, effective October 1, 2015.**

*Committee Explanatory Reports:*

* * *

**Final Report explaining the amendments to Rule 1210 published with the Court's Order at - Pa.B. - (-).**

* * *

**RULE 1240.  SHELTER CARE APPLICATION**

\* \* \*

B.  **Application contents.**  Every shelter care application shall set forth:

\* \* \*

    6)  a statement detailing **family finding efforts and**:

        a)  the reasonable efforts made to prevent placement; and

        b)  why there are no less restrictive alternatives available;

\* \* \*

**COMMENT**
\* \* \*

    Pursuant to paragraph (B)(6), the application is to contain a statement detailing the reasonable efforts made to prevent placement and the specific reasons why there are no less restrictive alternatives available.  This statement may include information such as: 1) the circumstances of the case; 2) **family finding efforts made by the county agency; 3)** contact with family members or other kin; **[3]4)** the child's  educational, health care, and disability needs; and **[4]5)** any need for emergency actions.
    **See Rule 1149 regarding family finding requirements.**

**Official Note:**
\* \* \*
    **Amended July 13, 2015, effective October 1, 2015.**

*Committee Explanatory Reports:*
\* \* \*
    **Final Report explaining the amendments to Rule 1240 published with the Court's Order at - Pa.B. - (-).**
\* \* \*

**RULE 1242.  SHELTER CARE HEARING.**

* * *

C. **Findings.**  The court shall determine whether:

1) there are sufficient facts in support of the shelter care application;

2) **the county agency has reasonably engaged in family finding;**

[2]3) custody of the child is warranted after consideration of the following factors:

    a) remaining in the home would be contrary to the welfare and best interests of the child;

    b) reasonable efforts were made by the county agency to prevent the child's placement;

    c) the child's placement is the least restrictive placement that meets the needs of the child, supported by reasons why there are no less restrictive alternatives available; and

    d) the lack of efforts was reasonable in the case of an emergency placement where services were not offered;

[3]4) a person, other than the county agency, submitting a shelter care application, is a party to the proceedings; and

[4]5) there are any special needs of the child that have been identified and that the court deems necessary to address while the child is in shelter care.

* * *

E. **Court order**.  At the conclusion of the shelter care hearing, the court shall enter a written order setting forth:

1) its findings pursuant to paragraph (C);

2) any conditions placed upon any party;

3) **any orders regarding family finding pursuant to Rule 1149;**

4) any orders for placement or temporary care of the child;

8

**[4]5**) any findings or orders necessary to ensure the stability and appropriateness of the child's education, and when appropriate, the court shall appoint an educational decision maker pursuant to Rule 1147;

**[5]6**) any findings or orders necessary to identify, monitor, and address the child's needs concerning health care and disability, if any, and if parental consent cannot be obtained, authorize evaluations and treatment needed; and

**[6]7**) any orders of visitation.

**COMMENT**

\* \* \*

**Family finding is to be initiated prior to the shelter care hearing. *See Comment* to Rule 1149 as to level of reasonableness.**

**Pursuant to paragraph (C)(2), the court is to make a determination whether the county agency has reasonably engaged or is to engage in family finding in the case. The county agency will be required to report its diligent family finding efforts at subsequent hearings. *See* Rule 1149 for requirements of family finding. *See also* Rules 1408(2), 1512(D)(1)(h), 1514(A)(4), 1608(D)(1)(h), and 1610(D) and their *Comments* for the court's findings as to the county agency's satisfaction of the family finding requirements and Rules 1210(D), 1409(C) and 1609(D) and *Comments* to Rules 1408, 1409, 1512, 1514, 1515, 1608, 1609, 1610, and 1611 on the court's orders.**

Pursuant to paragraph (C)(**[3]4**), the court is to determine whether or not a person is a proper party to the proceedings. Regardless of the court's findings on the party status, the court is to determine if the application is supported by sufficient evidence.

\* \* \*

**Official Note:**

\* \* \*

**Amended July 13, 2015, effective October 1, 2015.**

*Committee Explanatory Reports:*

\* \* \*

**Final Report explaining the amendments to Rule 1242 published with the Court's Order at - Pa.B. - (-).**

\* \* \*

9

**RULE 1330.  PETITION: FILING, CONTENTS, FUNCTION, AGGRAVATED CIRCUMSTANCES**

\* \* \*

B.  **Petition contents.**  Every petition shall set forth plainly:

\* \* \*

6) **a statement detailing family finding efforts and, if the county agency is seeking placement:**

 **a)  the reasonable efforts made to prevent placement; and**

 **b)  why there are no less restrictive alternatives available;**

7) a concise statement of facts in support of the allegations for which the petition has been filed;

 a)  facts for each allegation shall be set forth separately;

 b)  the relevant statute or code section shall be set forth specifically for each allegation;

[7]8)  a verification by the petitioner that the facts set forth in the petition are true and correct to the petitioner's personal knowledge, information, or belief, and that any false statements are subject to the penalties of the Crimes Code, 18 Pa.C.S. § 4904, relating to unsworn falsification to authorities;

[8]9)  the signature of the petitioner and the date of the execution of the petition; and

[9]10) the whereabouts of the child unless disclosure is prohibited by court order and if taken into custody, the date and time thereof.

\* \* \*
COMMENT
\* \* \*

 **Pursuant to paragraph (B)(6), when the county agency is seeking placement, the petition is to include the reasonable efforts made to prevent placement, including efforts for family finding, and why there are no less restrictive alternatives available.  See Rule 1149 for family finding requirements.  See also Rule 1242(C)(2)&(3)(b)&(c) and Comments to Rules 1242, 1409, 1515, 1608, 1609, 1610, and 1611 for reasonable efforts determinations.**
 **If a petition is filed after the county agency has discontinued family finding for non-court cases, the county agency is to aver reasons for the discontinuance in the petition.  See 62 P.S. § 1302.2(a).**
 A motion for finding of aggravated circumstances may be brought in a dependency petition.  See Rule 1701(A).  If aggravated circumstances are determined to exist after the filing of a petition, a written motion is to be filed pursuant to Rules 1701 and 1344.

\* \* \*

**Official Note:**

**Amended July 13, 2015, effective October 1, 2015.**

*Committee Explanatory Reports:*
   **Final Report explaining the amendments to Rule 1330 published with the Court's Order at - Pa.B. - (-).**

**RULE 1408.  FINDINGS ON PETITION**

**The court shall enter findings, within seven days of [After]** hearing the evidence on the petition or accepting stipulated facts by the parties**[but no later than seven days, the court shall enter a finding]:**

**1)** by specifying which, if any, allegations in the petition were proved by clear and convincing evidence**; and**

**2)  its findings as to whether the county agency has reasonably engaged in family finding as required pursuant to Rule 1149.**

\* \* \*
### COMMENT
The court is to specify which allegations in the petition are the bases for the finding of dependency.

**Pursuant to paragraph (2), the court is to make a determination whether the county agency has reasonably engaged in family finding in the case.   The county agency will be required to report its diligent family finding efforts at subsequent hearings.  *See* Rule 1149 for requirements of family finding.  *See also* Rules 1210(D)(8), 1242(E)(3), 1512(D)(1)(h), 1514(A)(4), 1608(D)(1)(h), and 1610(D) and their *Comments* for the court's findings as to the county agency's satisfaction of the family finding requirements and Rules 1242(E)(3), 1409(C), 1609(D), and 1611(C) and *Comments* to Rules 1242, 1409, 1512, 1514, 1515, 1608, 1609, 1610, and 1611 on the court's orders.**

**Official Note:**
\* \* \*
**Amended July 13, 2015, effective October 1, 2015.**

*Committee Explanatory Reports:*
\* \* \*
**Final Report explaining the amendments to Rule 1408 published with the Court's Order at - Pa.B. - (-).**
\* \* \*

## RULE 1409.  ADJUDICATION OF DEPENDENCY & COURT ORDER

\* \* \*

C.  **Court order**.  The court shall include the following in its court order:

\* \* \*

    3)  Any orders as to any aids in disposition that may assist in the preparation of the dispositional hearing**, including orders regarding family finding**.

### COMMENT
\* \* \*

*See also* 42 Pa.C.S. §§ 6341 & 6302.

**Pursuant to paragraph (C)(3), when making its determination for reasonable efforts made by the county agency, the court is to consider the extent to which the county agency has fulfilled its obligation pursuant to Rule 1149 regarding family finding.  *See also* Rules 1242(C)(2)&(3)(b)&(c) and 1330(B)(6) and *Comments* to Rules 1242, 1330, 1515, 1608, 1609, 1610, and 1611 for reasonable efforts determinations.**

**If the requirements of Rule 1149 regarding family finding have not been met, the court is to make necessary orders to ensure compliance by enforcing this legislative mandate.  *See* 62 P.S. § 1301 *et seq.  See also* Rules 1242(E)(3) and 1609(D) and *Comments* to Rules 1242, 1408, 1512, 1514, 1515, 1608, 1609, 1610, and 1611.**

**Official Note:**

\* \* \*

**Amended July 13, 2015, effective October 1, 2015.**

*Committee Explanatory Reports:*

\* \* \*

**Final Report explaining the amendments to Rule 1409 published with the Court's Order at - Pa.B. - (-).**

\* \* \*

**RULE 1512.  DISPOSITIONAL HEARING**

* * *

C. **Duties of the court.**  The court shall determine on the record **[that] whether** the parties have been advised of the following:

* * *

D. **Court's findings.**  The court shall enter its findings and conclusions of law into the record and enter an order pursuant to Rule 1515.

   1) On the record in open court, the court shall state:

* * *

     h) **whether the county agency has reasonably satisfied the requirement of Rule 1149 regarding family finding, and if not, the findings and conclusions of the court on why the requirements have not been met by the county agency;**

     i) any findings necessary to ensure the stability and appropriateness of the child's education, and when appropriate, the court shall appoint an educational decision maker pursuant to Rule 1147;

     **[i]j**) any findings necessary to identify, monitor, and address the child's needs concerning health care and disability, if any, and if parental consent cannot be obtained, authorize evaluations and treatment needed; and

     **[j]k**) a visitation schedule, including any limitations.

   2) The court shall state on the record in open court or enter into the record through the dispositional order, **[a]** finding**s pursuant to Rule 1514**, if the child is placed**[, that;**
     a) **remaining in the home would be contrary to the welfare, safety, or health of the child;**

     b) **reasonable efforts, were made by the county agency to prevent the child's placement;**

     c) **the child's placement is the least restrictive placement that meets the needs of the child, supported by reasons why there are no less restrictive alternatives available;**

     d) **if preventive services were not offered due to the necessity of an emergency placement, that such lack of services was reasonable under the circumstances]**.

**COMMENT**

\* \* \*

**Pursuant to paragraph (D)(1)(h), the court is to determine whether the county agency has reasonably satisfied the requirements of Rule 1149 regarding family finding. If the county agency has failed to meet the diligent family finding efforts requirements of Rule 1149, the court is to utilize its powers to enforce this legislative mandate.** *See* **62 P.S. § 1301** *et seq.* *See also* **Rules 1210(D)(8), 1242(E)(3), 1409(C), 1609(D), and 1611(C) and** *Comments* **to Rules 1242, 1408, 1409, 1514, 1515, 1608, 1609, 1610, and 1611.**

Pursuant to paragraph (D)(1)(**[h]i**), the court is to address the child's educational stability, including the right to an educational decision maker, 42 Pa.C.S. § 6301, 20 U.S.C. § 1439(a)(5), and 34 C.F.R. § 300.519. \* \* \*

Pursuant to paragraph (D)(1)(**[i]j**), the court is to address the child's needs concerning health care and disability. \* \* \*

Pursuant to paragraph (D)(1)(**[j]k**), the court is to include siblings in its visitation schedule.

\* \* \*

**Official Note:**

\* \* \*

**Amended July 13, 2015, effective October 1, 2015.**

*Committee Explanatory Reports:*

\* \* \*

**Final Report explaining the amendments to Rule 1512 published with the Court's Order at - Pa.B. - (-).**

\* \* \*

## RULE 1514. DISPOSITIONAL FINDING BEFORE REMOVAL FROM HOME

A. **Required findings.** Prior to entering a dispositional order removing a child from the home, the court shall state on the record in open court the following specific findings:

1) Continuation of the child in the home would be contrary to the welfare, safety, or health of the child;

2) The child's placement is the least restrictive placement that meets the needs of the child, supported by reasons why there is no less restrictive alternative available; **[and]**

3) **If the child has a sibling who is subject to removal from the home, whether reasonable efforts were made prior to the placement of the child to place the siblings together or whether such joint placement is contrary to the safety or well-being of the child or sibling;**

4) **The county agency has reasonably satisfied the requirements of Rule 1149 regarding family finding; and**

**5)** One of the following:

a) Reasonable efforts were made prior to the placement of the child to prevent or eliminate the need for removal of the child from the home, if the child has remained in the home pending such disposition; or

b) If preventive services were not offered due to the necessity for emergency placement, whether such lack of services was reasonable under the circumstances; or

c) If the court previously determined that reasonable efforts were not made to prevent the initial removal of the child from the home, whether reasonable efforts are under way to make it possible for the child to return home.

B. **Aggravated circumstances.** If the court has previously found aggravated circumstances to exist and that reasonable efforts to remove the child from the home or to preserve and reunify the family are not required, a finding under paragraphs (A)(**[3]5**)(a) through (c) is not necessary.

### COMMENT

*See* 42 Pa.C.S. § 6351(b).

**Pursuant to paragraph (A)(3), the court is to utilize reasonable efforts in placing siblings together unless it is contrary to the safety or well-being of a child or sibling. 42 U.S.C. § 675 (Fostering Connections).**

**Pursuant to paragraph (A)(4), the court is to determine whether the county agency has reasonably satisfied the requirements of Rule 1149 regarding family finding. If the county agency has failed to meet the diligent family finding efforts requirements of Rule 1149, the court is to**

16

**utilize its powers to enforce this legislative mandate.** *See* **62 P.S. § 1301** *et seq.* *See also* **Rules 1210(D)(8), 1242(E)(3), 1409(C), 1609(D), and 1611(C) and** *Comments* **to Rules 1242, 1408, 1409, 1512, 1515, 1608, 1609, 1610, and 1611.**

**Official Note:**

* * *

**Amended July 13, 2015, effective October 1, 2015.**

*Committee Explanatory Reports:*

* * *

**Final Report explaining the amendments to Rule 1514 published with the Court's Order at - Pa.B. - (-).**

## RULE 1515.  DISPOSITIONAL ORDER

\* \* \*

### COMMENT

\* \* \*

**When making its determination for reasonable efforts made by the county agency, the court is to consider the extent to which the county agency has fulfilled its obligation pursuant to Rule 1149 regarding family finding.  *See also* Rules 1240(B)(6), 1242(C)(2)&(3)(b)&(c), and 1330(B)(6) and *Comments* to Rules 1242, 1330, 1409, 1608, 1609, 1610, and 1611 for reasonable efforts determinations.**

**If the requirements of Rule 1149 regarding family finding have not been met, the court is to make necessary orders to ensure compliance by enforcing this legislative mandate.  *See* 62 P.S. § 1301 *et seq.*  *See also* Rules 1210(D)(8), 1242(E)(3), 1409(C), 1609(D), and 1611(C) and *Comments* to Rules 1242, 1408, 1409, 1512, 1514, 1608, 1609, 1610, and 1611.**  45 C.F.R § 1356.21 provides a specific foster care provider may not be placed in a court order to be in compliance with and receive funding through the Federal Financial Participation.

Dispositional orders should comport in substantial form and content to the **model orders [Juvenile Court Judges' Commission model orders]**to receive funding under the federal Adoption and Safe Families Act (ASFA) of 1997 (P.L. 105-89).  The model forms are also in compliance with Title IV-B and Title IV-E of the Social Security Act.  For model orders, see **[http://www.jcjc.state.pa.us or http://www.dpw.state.pa.us or request a copy on diskette directly from the Juvenile Court Judges' Commission, Room 401, Finance Building, Harrisburg, PA 17120.] http://www.pacourts.us/forms/dependency-forms.**

*See In re Tameka M.*, 525 Pa. 348, 580 A.2d 750 (1990).

**Official Note:**

\* \* \*

**Amended July 13, 2015, effective October 1, 2015.**

*Committee Explanatory Reports:*

\* \* \*

**Final Report explaining the amendments to Rule 1515 published with the Court's Order at - Pa.B. - (-).**

\* \* \*

**RULE 1608.  PERMANENCY HEARING**

* * *

D.  **Court's findings.**

1)  **Findings at all six-month hearings.**

* * *

h)  **whether the county agency has satisfied the requirements of Rule 1149 regarding family finding, and if not, the findings and conclusions of the court on why the requirements have not been met by the county agency;**

i)  whether the child is safe;

[i]j)  if the child has been placed outside the Commonwealth, whether the placement continues to be best suited to the safety, protection, and physical, mental, and moral welfare of the child;

[j]k)  the services needed to assist a child who is sixteen years of age or older to make the transition to independent living, including:

* * *

ix) the steps being taken to ensure that the youth will have stable housing or living arrangements when discharged from care; **[and]**

[k]l)  any educational, health care, and disability needs of the child and the plan to ensure those needs are met**;**

m) **if a sibling of a child has been removed from the home and is in a different setting than the child, whether reasonable efforts have been made to place the child and sibling of the child together or whether such joint placement is contrary to the safety or well-being of the child or sibling; and**

n)  **if the child has a sibling, whether visitation of the child with that sibling is occurring no less than twice a month, unless a finding is made that visitation is contrary to the safety or well-being of the child or sibling.**

* * *

F.  **Family Service Plan or Permanency Plan.**

19

**1)** The county agency shall review the family service plan or permanency plan at least every six months**, including all family finding efforts pursuant to Rule 1149**.

**2)** **The family service plan or permanency plan shall identify which relatives and kin were included in its development and the method of that inclusion.**

**3)** If the plan is modified, the county agency shall follow the filing and service requirements pursuant to Rule 1345.

**4)** The parties and when requested, the court, shall be provided with the modified plan at least fifteen days prior to the permanency hearing.

**COMMENT**

\* \* \*

**Pursuant to paragraph (D)(1)(h), the court is to determine whether the county agency has reasonably satisfied the requirements of Rule 1149 regarding family finding, including the location and engagement of relatives and kin at least every six months, prior to each permanency hearing. If the county agency has failed to meet the diligent family finding efforts requirements of Rule 1149, the court is to utilize its powers to enforce this legislative mandate. *See* 62 P.S. § 1301 *et seq. See also* Rules 1210(D)(8), 1242(E)(3), 1409(C), 1609(D), and 1611(C) and *Comments* to Rules 1242, 1408, 1409, 1512, 1514, 1515, 1609, and 1611.**

**When making its determination for reasonable efforts made by the county agency, the court is to consider family finding. *See also* Rules 1240(B)(6), 1242(C)(2)&(3)(b)&(c) and 1330(B)(6) and *Comments* to Rules 1242, 1330, 1409, 1515, 1609, and 1611 for reasonable efforts determinations.**

Pursuant to paragraph (D)(2),

\* \* \*

*See* 42 U.S.C. § 675**[ ]**(5)(A)-(H) for development of a transition plan pursuant to paragraph (D)(1)(**[j]k**).

\* \* \*

**Official Note:**

\* \* \*

**Amended July 13, 2015, effective October 1, 2015.**

*Committee Explanatory Reports:*

\* \* \*

**Final Report explaining the amendments to Rule 1608 published with the Court's Order at - Pa.B. - (-).**

\* \* \*

**RULE 1609. PERMANENCY HEARING ORDERS**

\* \* \*

D. **Orders on family finding.**

    **1) The court order shall indicate whether family finding efforts made by the county agency were reasonable;**

    **2) If the family finding efforts were not reasonable, the court shall order the county agency to engage in family finding prior to the next permanency hearing;**

**E. Orders concerning education.**

\* \* \*

**[E]F**. **Orders concerning health care and disability.**

\* \* \*

**[F]G**. **Guardians.**

\* \* \*

COMMENT

\* \* \*

    **Pursuant to paragraph (D), when making its determination for reasonable efforts made by the county agency, the court is to consider the extent to which the county agency has fulfilled its obligation pursuant to Rule 1149 regarding family finding. See also Rules 1240(B)(6), 1242(C)(2)&(3)(b)&(c), and 1330(B)(6) and Comments to Rules 1242, 1330, 1409, 1515, 1608, 1610, and 1611 for reasonable efforts determinations.**

    **If the requirements of Rule 1149 regarding family finding have not been met, the court is to make necessary orders to ensure compliance by enforcing this legislative mandate. See 62 P.S. § 1301 et seq. See also Rules 1210(D)(8), 1242(E)(3), and 1409(C) and Comments to Rules 1242, 1408, 1409, 1512, 1514, 1515, 1608, 1610, and 1611.**

    Pursuant to paragraph (**[D]E**),

\* \* \*

    Pursuant to paragraph (**[E]F**),

\* \* \*

**Official Note:**

\* \* \*

    **Amended July 13, 2015, effective October 1, 2015.**

*Committee Explanatory Reports:*

\* \* \*

    **Final Report explaining the amendments to Rule 1609 published with the Court's Order at - Pa.B. - (-).**

\* \* \*

# RULE 1610. PERMANENCY HEARING FOR CHILDREN OVER EIGHTEEN

A. **Purpose and timing of hearing.**  For every case for children over the age of eighteen, the court shall conduct a permanency hearing at least every six months for purposes of determining:

* * *

   2)  whether the transition plan of the child is consistent with Rule 1631**[ ]**E)(2);

* * *

D. **Court's findings.**  At the permanency hearing, the court shall enter its findings and conclusions of law into the record and enter an order pursuant to Rule 1611.  **The court shall make a determination whether the county agency has satisfied the requirements of Rule 1149 regarding family finding, and if not, the findings and conclusions of the court on why the requirements have not been met by the county agency.**

COMMENT
* * *

   *See* Rule 1128 regarding presence at proceedings and Rule 1136 regarding *ex parte* communications.

   **Pursuant to paragraph (D), the court is to determine whether the county agency has reasonably satisfied the requirements of Rule 1149 regarding family finding, including the location and engagement of relatives and kin at least every six months, prior to each permanency hearing. If the county agency has failed to meet the diligent family finding efforts requirements of Rule 1149, the court is to utilize its powers to enforce this legislative mandate.  *See* 62 P.S. § 1301 *et seq.*  *See also* Rules 1210(D)(8), 1242(E)(3), 1409(C), 1609(D), and 1611(C) and *Comments* to Rules 1242, 1408, 1409, 1512, 1514, 1515, 1608, 1609, and 1611.**

   **When making its determination for reasonable efforts made by the county agency, the court is to consider family finding.  *See also* Rules 1240(B)(6), 1242(C)(2)&(3)(b)&(c) and 1330(B)(6) and *Comments* to Rules 1242, 1330, 1409, 1515, 1608, 1609, and 1611 for reasonable efforts determinations.**

   When the court has resumed jurisdiction pursuant to Rule 1635, the court is to schedule regular permanency hearings.  The county agency is to develop a new transition plan for the child.

**Official Note:**

* * *

   **Amended July 13, 2015, effective October 1, 2015.**

*Committee Explanatory Reports:*

* * *

   **Final Report explaining the amendments to Rule 1610 published with the Court's Order at - Pa.B. - (-).**

## RULE 1611. PERMANENCY HEARING ORDERS FOR CHILDREN OVER EIGHTEEN

\* \* \*

C. **Orders on family finding.**

  1) **The court order shall indicate whether family finding efforts made by the county agency were reasonable;**

  2) **If the family finding efforts were not reasonable, the court shall order the county agency to engage in family finding prior to the next permanency hearing;**

D. **Orders concerning education.** The court's order shall address the stability and appropriateness of the child's education, if applicable, including whether an educational decision maker is appropriate.

[D]E. **Orders concerning health care and disability.**

\* \* \*

### COMMENT

When issuing a permanency order, the court should issue an order that is "best suited to the safety, protection, and physical, mental, and moral welfare of the child." 42 Pa.C.S. § 6351(a). *See In re S.J.,* 906 A.2d 547, 551 (Pa. Super. Ct. 2006)**[ ]**(citing *In re Tameka M.*, 525 Pa. 348, 580 A.2d 750 (1990)), for issues addressing a child's mental and moral welfare.

**Pursuant to paragraph (C), when making its determination for reasonable efforts made by the county agency, the court is to consider the extent to which the county agency has fulfilled its obligation pursuant to Rule 1149 regarding family finding.  *See also* Rules 1240(B)(6), 1242(C)(2)&(3)(b)&(c), and 1330(B)(6) and *Comments* to Rules 1242, 1330, 1409, 1515, 1608, 1609, and 1610 for reasonable efforts determinations.**

**If the requirements of Rule 1149 regarding family finding have not been met, the court is to make necessary orders to ensure compliance by enforcing this legislative mandate.  *See* 62 P.S. § 1301 *et seq.  See also* Rules 1210(D)(8), 1242(E)(3), and 1409(C) and *Comments* to Rules 1242, 1408, 1409, 1512, 1514, 1515, 1608, 1609, and 1610.**

Pursuant to paragraph (**[C]D**), the court's order is to address the child's educational stability, including the right to an educational decision maker.  The intent of this paragraph is to ensure that the inquiry regarding the appointment of an educational decision maker is considered.  Federal and state law requires educational decision makers until the age of twenty-one if an educational decision maker is necessary.  *See Comment* to Rule 1609(**[D]E**) and 34 C.F.R. § 300.320(c).

Pursuant to paragraph (**[D]E**), the court's order is to address the child's needs concerning health care and disability.  *See Comment* to Rule 1609(**[E]F**).

**Official Note:**

\* \* \*

**Amended July 13, 2015, effective October 1, 2015.**

*Committee Explanatory Reports:*

\* \* \*

**Final Report explaining the amendments to Rule 1611 published with the Court's Order at - Pa.B. - (-).**

# Rule 1635. Hearing on Motion for Resumption of Jurisdiction.

\* \* \*

**Comment**

\* \* \*

A master may conduct these hearings.  *See* Rule 1187.
**If the court resumes jurisdiction, the county agency is to engage in family finding unless presently or previously discontinued pursuant to Rule 1149(B).  *See* Rules 1608(D)(1)(h) and 1610(D)(court findings at permanency hearing whether the county agency has satisfied the requirements of Rule 1149 regarding family finding).  If family finding was previously discontinued, the county agency may seek to resume family finding efforts pursuant to Rule 1149(C).**

**Official Note:**

\* \* \*

**Amended July 13, 2015, effective October 1, 2015.**

*Committee Explanatory Reports:*

\* \* \*

**Final Report explaining the amendments to Rule 1635 published with the Court's Order at - Pa.B. - (-).**

\* \* \*